UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NUMBER: 2:21-cv-20-RMG

| | |
|---|---|
| MARY ROE 1818,<br><br>Plaintiff,<br><br>vs.<br><br>THE BISHOP OF CHARLESTON, A CORPORATION SOLE, AND THE BISHOP OF THE DIOCESE OF CHARLESTON, IN HIS OFFICIAL CAPACITY,<br><br>Defendants. | **DEFENDANTS' NOTICE OF REMOVAL** |

**TO: THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF SOUTH CAROLINA, CHARLESTON DIVISION; THE COURT OF COMMON PLEAS FOR CHARLESTON COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

YOU WILL PLEASE TAKE NOTICE that Defendants, the Bishop of Charleston, a corporation sole, and the inappropriately named Bishop of the Diocese of Charleston, in his official capacity ("Diocese Defendants") hereby invoke the jurisdiction of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon the following:

1. Plaintiff commenced this action by filing the Summons and Complaint with the Court of Common Pleas for Charleston County, State of South Carolina, on January 4, 2020. (Attached as **Exhibit A** are all Charleston Court of Common Pleas filings).

2. No Defendant has been served with the Summons and Complaint. *See Declaration of Richard Dukes,* **Exhibit B**

3. This action is currently pending in the Court of Common Pleas for Charleston County, State of South Carolina, located within the above-named Division of this Court. Because no defendant has been served with the Complaint, the Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. The Complaint is a civil action seeking recovery for damages based upon alleged Fraudulent Concealment, Negligence/Gross Negligence/Recklessness, Breach of Fiduciary Duty, Outrage/Intentional Infliction of Emotional Distress, Civil Conspiracy, and Negligent Retention or Supervision against Defendants the Bishop of Charleston, a corporation sole, and the Bishop of the Diocese of Charleston, in his official capacity. Under these claims for relief, Plaintiff seeks actual, consequential, and punitive damages. Based upon the allegations contained in the Complaint, the amount in controversy exceeds $75,000. The Corporation Sole and the Bishop deny that Plaintiff is entitled to any of the relief sought and does not waive any defenses with respect to any of Plaintiff's claims. However the amount in controversy is guided by accepting Plaintiff's allegations as true. *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S.Ct. 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id. at 554.*

5. This Court has original jurisdiction based upon diversity of citizenship under 28 USC § 1332, and this action is removable pursuant to 28 U.S.C. § 1441(a). Venue properly lies in the District of South Carolina under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. §95(a)(2). Plaintiff alleges she is a resident of state other than South Carolina. (Complaint, ¶ 1). Defendants are alleged to be citizens and residents of South Carolina (Complaint, ¶ ¶ 2-3, 5-6). Thus complete diversity exists between the parties.

6. To support removal based on diversity jurisdiction, and where it is not facially evident from the Complaint, the Defendants bear the burden of proof that the amount in controversy exceeds the jurisdictional amount. 28 USC § 1446(c)(2)(B). Defendants do not concede the validity of Plaintiff's claims nor attempts to predict what Plaintiff will recover; the amount in controversy is determined by the amount demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289-290 (1938).

7. In *Mattison v. Wal-Mart Stores, Inc.* 2011 U.S. Dist. LEXIS 11634, *4-6 (D.S.C. Feb. 4, 2011), this Court reviewed the showing required by a party seeking to remove a case to federal court, where no specific amount in controversy is alleged in the Complaint. The removing party must demonstrate that there is more than $75,000 in controversy "to a reasonable probability". *Id.* at *4. Here, the nature of the unspecified damages, together with the prayer for punitive damages "make it virtually impossible to say that the claim is for less than the jurisdictional amount" *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999).

8. Under 28 USC § 1441(b)(2), "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which the action is brought." 28 USC § 1441(b)(2)(emphasis added). However Section 1441(b)(2) does not apply because no defendant has been served with the Complaint in this action. *See Dukes declaration; Also Gibbons v.*

*Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Blankenship v. Napolitano*, 2019 U.S.Dist. Lexis 118731 (S.D. W.Va. July 17, 2019); *Teamsters Local 677 Health Servs. & Ins. Plan v. Friedmand*, 2019 U.S.Dist. Lexis 184186 (D.Md. October 23, 2019); *and Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.,* 902 F.3d 147, 152-54 (3rd Cir. 2018)(holding removal not precluded where resident defendant had not been served); *LaRusso v. St. George's University School*, 747 F.3d 90, 97 (2d Cir. 2014)(nothing in Sections 1441 or 1446 require service upon a defendant before removal); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)("Where there is complete diversity of citizenship . . . inclusion of an unserved resident defendant in the action does not defeat removal"); *Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, at *3 (C.D. Cal. Feb. 14, 2019); *Fisher v. Pelstring*, 2009 WL 10664813, at *204 (D.S.C. Sept. 29, 2009)(denying remand of a pre-service removal).

9. Because no defendant has been properly joined and served with the Complaint, the consent of other defendants is not required. 28 USC § 1446(b)(2)(A); *see also United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008).

10. As required by 28 U.S.C. § 1446(d), written Notice of Removal is being given to all adverse parties and a copy of the Notice is being filed with the Clerk of the Common Pleas Court of Charleston County, South Carolina.

WHEREFORE, the Defendants, by counsel, give notice that the within civil action, previously pending in the Court of Common Pleas Court for Charleston County, South Carolina, has been removed to the United States District Court for District of South Carolina, Charleston Division.

**TURNER, PADGET, GRAHAM & LANEY, P.A.**

s/Richard S. Dukes, Jr.
Richard S. Dukes, Jr., Federal ID No.: 7340
40 Calhoun Street, Suite 200 (29401)
P.O. Box 22129
Charleston, South Carolina 29413
Telephone: (843) 576-2810
Facsimile: (843) 577-1646
Email:  rdukes@turnerpadet.com
ATTORNEYS FOR DEFENDANTS